UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YOHONIA MARTIN,
    Plaintiff,

v.

ELENA JAMES,
    Defendant.

Case No. 15-cv-2417-PJH

**ORDER DISMISSING CASE**

    Plaintiff Yohonia Martin filed this action on June 1, 2015, asserting unspecified claims against Magistrate Judge Maria-Elena James of this court, in connection with rulings issued in Martin v. Wells Fargo Bank (N.D. Cal., No. C-12-0244 MEJ). Also on June 1, 2015, plaintiff filed a request for leave to proceed in forma pauperis ("IFP").

    The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff has submitted a declaration in which she makes the showing required under 28 U.S.C. § 1915(a). Accordingly, the request to proceed IFP will be granted.

    However, § 1915 imposes the additional requirement that the court must dismiss the action prior to service of process if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

    Here, while the complaint is not entirely comprehensible, it is clear that plaintiff is

attempting to assert claims against Judge James in connection with rulings and other actions taken in connection with Case No. C-12-0244 MEJ.  A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under 42 U.S.C. § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens).  Accordingly, because Judge James is immune from suit relating to actions performed in her judicial capacity, regardless of the basis of any claim plaintiff may be attempting to assert, the action must be DISMISSED.

The court notes further that rather than submitting the IFP request on the form approved by this judicial district, which appears on the court's website, plaintiff has used a more abbreviated form.  This court's form requests more financial information than the form submitted by plaintiff, and also asks whether the complaint the plaintiff is seeking to file raises claims that have been presented in other lawsuits, while the form utilized by plaintiff does not.  The court has searched PACER, and has learned that plaintiff has previously filed more than one lawsuit in which she raises claims that appear to relate to the claims asserted in C-12-0244 MEJ, and thus to the present action.

On October 13, 2011, plaintiff filed suit in the Northern District of Georgia, alleging that in 1999 she opened an account with Wells Fargo Bank in Pittsburg, California; that an acquaintance stole some unspecified amount of money from the account; that in April 2000 she went into the East Leland Branch of the bank, located inside Kroger, and discovered that Wells Fargo had closed the account for fraudulent activity; one week later she learned that a check for the balance of $20,000 had been issued in her name and sent to her "alternate" address, which was the home of her grandparents; and that she had for many years been attempting to recover the funds.  See Martin v. Wells Fargo Bank (N.D. Ga., C-11-0285 RWS), Doc. 1.  On November 15, 2011, the Georgia court dismissed the complaint for lack of subject matter jurisdiction (no federal question and

failure to allege jurisdictional minimum) without prejudice, and entered judgment. Id., Docs. 7, 8.

On December 12, 2011, plaintiff filed suit in the Eastern District of California, alleging that she opened an account with Wells Fargo Bank in August 1999; that Wells Fargo closed the account for fraudulent activity; that $58,000 had been stolen from the account but Wells Fargo failed to use the Federal Deposit Insurance Corporation procedure to return the funds to her; that the bank sent a check for the remaining balance of $30,000 to her "permanent" address in San Pablo, California; and that she has for many years been attempting to recover the funds. See Martin v. Wells Fargo Bank (E.D. Cal., C-11-3294 EFB), Doc. 1. On March 6, 2012, the court dismissed the complaint with leave to amend. Id., Doc. 3. On May 14, 2012, after plaintiff failed to file an amended complaint, the court dismissed the action without prejudice and entered judgment. Id., Docs. 5, 6.

Meanwhile, on January 13, 2012, plaintiff filed suit in this court, alleging that she opened an account with Wells Fargo Bank in August 1999; that an acquaintance stole $58,000 from the account; that Wells Fargo Bank closed the account in 2001, at which time it had a balance of $20,000; that Wells Fargo recovered the $58,000 from the Federal Deposit Insurance Corporation, but did not return the funds to her; that Wells Fargo mailed a check for $20,000 to her "permanent" address in San Pablo, California; that the $20,000 check was cashed by another person without permission; and that she has for many years been attempting to recover the funds. See Martin v. Wells Fargo Bank, (N.D. Cal., C-12-0244 MEJ), Docs. 1, 30. This is the lawsuit whose handling by Judge James is the subject of the complaint in the instant action.

On August 1, 2012, the court referred the case for a settlement conference, which was held on November 14, 2012. Id., Doc. 43. The case settled, and the parties were ordered to submit a stipulation and proposed order of dismissal. Id. No stipulation or proposed order appears on the docket. Three months later, on February 11, 2013, the court, noting that the parties had advised that the case had settled, issued a conditional

3

dismissal, dismissing the case with prejudice. Id., Doc. 44.  The order added that if any party certified to the court within thirty days of the date of the dismissal that the consideration for the settlement had not been delivered, the order of dismissal would be vacated and the cause restored to the calendar to be set for trial. Id.  Nothing was filed by either party within 30 days of the February 11, 2013 order.

On September 9, 2013, and again on January 29, 2014, plaintiff filed letters in the case.  The letters were largely incomprehensible, but neither appeared to have any direct connection with the settlement or the order of dismissal. Id., Docs. 46, 47.  In a third letter, also filed on January 29, 2014, entitled "Factors to be Considered by the Court Before Entering Judgment," plaintiff asserted that "[t]he five hundred dollar settlement allowed plaintiff was a signature of gross negligence while defendant was not prepared for the case." Id., Doc. 48.  While this letter overall was largely incomprehensible, it appears that plaintiff may have been attempting to make some argument regarding the settlement, almost eleven months after the date set by the court for the parties to request that the order of dismissal be vacated.

On August 29, 2013, plaintiff filed what appeared to be a prisoner civil rights suit in this court, challenging the "legitamacy [sic] of actual banking institution" of Wells Fargo Bank located inside the "Kroger Grocery on East Leland in Pittsburg California." Martin v. Wells Fargo Bank (C-13-4022 HRL), Doc. 1.  This case was randomly assigned to Judge Lloyd.  The complaint mentioned "November 14" (possibly a reference to the dates of the settlement conference in C-12-0244 MEJ), and also mentioned the "amount before the closing of the account by Wells Fargo 58,000" (possibly a reference to the amount plaintiff previously claimed had been unlawfully withdrawn from her account before it was closed by the bank). Id.  However, the complaint was incomprehensible overall, and more importantly, did not assert any basis for maintaining a claim under 42 U.S.C. § 1983 against Wells Fargo Bank.  On November 12, 2013, the court dismissed the complaint for failure to state a claim. Id., Doc. 9.  The dismissal was with leave to amend.  Plaintiff failed to file an amended complaint within the 28-day deadline imposed by the court.  On

January 6, 2014, the court dismissed the complaint without prejudice, and entered judgment. Id., Docs. 11, 12.

On January 6, 2014, plaintiff filed yet another suit in this court, alleging that Wells Fargo had paid only $500 for the settlement of Case No. C-0244 MEJ, which amount was inadequate to compensate plaintiff for her losses, and requesting the court to "re-open the case." Martin v. Wells Fargo Bank (N.D. Cal. C-14-0081 MEJ), Doc. 1.  This case was randomly assigned to Judge James.  On January 15, 2014, the court issued an order dismissing the case, finding that it lacked jurisdiction to enforce the settlement agreement, and dismissing the case without prejudice to re-filing in state court. Id., Doc. 6. On January 15, 2014, and January 29, 2014, plaintiff filed two letters similar to (or identical to) letters she had filed in Case No. C-12-0224 MEJ after that case was dismissed. See id., Docs. 9, 10.  On February 3, 2014, the court issued an order in which it noted that plaintiff appeared to be seeking to appeal the dismissal, and also to subpoena documents. Id., Doc. 11.  The court noted that any appeal must be taken to the Ninth Circuit, and that any request to subpoena documents was moot in light of the dismissals of both cases. Id.

On May 11, 2015, plaintiff filed a "Request and Authorization for Expert Services" in Case No. 12-0244, in which she purported to seek compensation in the amount of $70,800, apparently for costs incurred in the lawsuit. Martin v. Wells Fargo Bank (N.D. Cal., C-12-0244), Doc. 50.  On May 11, 2015, the court issued an order denying plaintiff's request for reimbursement, noting that the case had been dismissed in February 2013 pursuant to the parties' settlement agreement, and that the court had not retained jurisdiction over the case, including any dispute regarding the settlement agreement or any other aspect of the case. Id., Doc. 51.  The court instructed the Clerk of the Court to accept no further filings from plaintiff in the case, and to return any documents plaintiff submitted for filing. Id.  On May 18, 2015, plaintiff filed a notice of appeal of the May 11, 2015 order. Id., Doc. 52.  Thus, plaintiff has filed five cases – three in this court – based on what appear to be the same facts involving the Wells Fargo Bank account.

On June 1, 2015, plaintiff filed the present action against Judge James in connection with Case No. C-12-0244 MEJ, one of the cases previously filed against Wells Fargo in this district, which settled in November 2012. For the reasons stated above, Judge James is absolutely immune from civil liability for acts performed in her judicial capacity. Thus, the present action is DISMISSED WITH PREJUDICE.

In addition, the court notes that in light of the parties' settlement of plaintiff's claims against Wells Fargo Bank in C-12-0244 MEJ, plaintiff will be precluded from further pursuit of any claim against Wells Fargo regarding the bank account described above. Had the present action named Wells Fargo as a defendant, the court would have issued a prefiling order, but cannot do so in this case as the sole named defendant is Judge James.

**IT IS SO ORDERED.**

Dated: June 10, 2015

_____

PHYLLIS J. HAMILTON
United States District Judge